OPINION
{¶ 1} Defendant-appellant Steven Hall appeals from his conviction and sentence, following a guilty plea, for the Attempted Rape of his ten-year-old daughter. He contends that his conviction is against the manifest weight of the evidence, that the *Page 2 
trial court erred in accepting his plea because it was not knowingly and voluntarily tendered, that his trial counsel was ineffective for having failed to assert, prior to the acceptance of Hall's guilty plea, that Hall's tender was not knowing and voluntary, and that the trial court erred when it stated, in the course of imposing the maximum possible sentence, that Hall had committed the worst form of Attempted Rape.
 {¶ 2} We conclude that Hall's conviction is not based upon any evidence presented by the State, Hall's guilty plea having relieved the State of its burden of presenting evidence of his guilt. We further conclude that there was nothing in the record, at the time that the trial court accepted Hall's plea, to indicate that it was tendered other than knowingly and voluntarily. We conclude that the record does not support Hall's contention that his trial counsel was ineffective for having asserted that his plea was tendered other than knowingly and voluntarily. Finally, we conclude that State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, does not preclude a trial judge, when exercising the sentencing discretion available to him under the holding in that case, from informing his discretion by noting that the offense committed was the worst form of the offense. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Hall was charged by indictment with the Rape of his ten-year-old daughter and with the Sexual Battery of his ten-year-old daughter. In a plea bargain, the State reduced the Rape charge to Attempted Rape, and dismissed the Sexual Battery count, in exchange for Hall's plea of guilty to the Attempted Rape of his daughter. The trial court conducted a plea colloquy, accepted Hall's plea, set the matter for sentencing, *Page 3 
and ordered a pre-sentence investigation.
 {¶ 4} At the sentencing hearing, the trial court afforded Hall an opportunity to address the court. In the course of setting forth his reasoning, the trial judge stated:
 {¶ 5} "As to a length of prison term, this conviction is for attempted rape. Under the facts that are before the Court, the Court finds this to be the most — or the worst form of an attempted rape, ongoing sexual abuse of this child. Sentence anything less than the maximum, this matter would simply not adequately punish the offender for this offense. It would fall short of protecting the public in future offenses of this nature."
 {¶ 6} The trial court imposed an eight-year prison sentence, the maximum possible sentence for this offense.
 {¶ 7} Hall's trial counsel filed a timely notice of appeal from Hall's conviction and sentence. This was given the appellate case number 06-CA-0078. Subsequently, Hall filed a pro se motion for leave to file a delayed appeal, which we granted. This was given the appellate case number 06-CA-0095. Both appeals are from Hall's conviction and sentence. Separate counsel were appointed for each appeal.
 {¶ 8} This court did not become aware that Hall had two appeals pending from the same judgment until after each of his assigned attorneys had filed a brief on his behalf, and the State filed a motion for clarification, noting that different briefs, filed by different attorneys, had been filed on Hall's behalf in each of the two appellate cases pending. We entered an order consolidating the two appeals, ordering the State to respond to both briefs, and authorizing both of Hall's assigned counsel to file reply briefs on his behalf. The State filed one answer brief, responding to both of the briefs filed on Hall's behalf. Neither assigned counsel has filed a reply brief. *Page 4 
 II {¶ 9} The sole assignment of error in case no. 06-CA-0078 is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN SENTENCING MR. LATHAM [sic] TO THE MAXIMUM FIVE YEAR TERM [sic] AS THE STATUTE UNDER WHICH MR. HALL'S SENTENCE WAS IMPOSED IS UNCONSTITUTIONAL. [2929.14(C)]." (Bracketed Ohio Revised Code Section number in original.)
 {¶ 11} Before State v. Foster, supra, R.C. 2929.14(C) provided that a trial court imposing the longest prison term authorized for a felony could only impose the sentence "upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." InState v. Foster, it was held that this provision of the statute, among others requiring certain findings as a predicate for certain sentences, violated the right to a jury trial under Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621. That trilogy of cases had established that where a finding of fact is required to impose a sentence greater than the maximum sentence that could otherwise be imposed, the defendant has the right to have a jury make that finding.
 {¶ 12} The holding in State v. Foster severed those parts of the Ohio felony sentencing statute that violate the constitutional right to a jury trial, including, specifically, *Page 5 
R.C. 2929.14(C). The Court held that trial courts have discretion, in the absence of the severed parts of the sentencing statute, to impose any sentence authorized by the rest of the statute for the offense.
 {¶ 13} Hall contends that the trial court violated the holding inState v. Foster when it noted, in explaining why it was imposing a maximum sentence, that Hall had committed the worst form of the offense of Attempted Rape. Hall was sentenced on June 27, 2006. Foster was
decided on February 27, 2006, exactly four months before the sentencing hearing, and received a lot of attention from the parts of the legal community involved with criminal justice. The presumption of regularity requires us to presume that the trial court understood that afterFoster it was no longer required to make the findings set forth in R.C.2929.14(C) as a predicate for imposing a maximum sentence. We conclude that this presumption is not overcome on this record.
 {¶ 14} There is nothing in the record to suggest that the trial court was under the misapprehension that it was required to make one of the findings set forth in R.C. 2929.14(C) before it could impose the maximum sentence. In explaining its reasoning for imposing the maximum sentence, the trial court noted that Hall had committed the worst form of the offense. In our view, it is entirely reasonable to consider the fact that an offender has committed the worst form of the offense in deciding to impose a harsh sentence. In fact, it would be unreasonable to ignore the fact that the worst form of the offense has been committed, in deciding an appropriate sentence, just as it would be unreasonable to ignore the fact that the most benign form of an offense has been committed. State v. Foster, supra, does not, in our view, preclude a trial court from considering the fact that the worst form of an offense has been committed in exercising *Page 6 
its sentencing discretion; State v. Foster merely relieves the trial court of the necessity of making a finding to that effect as a predicate for a maximum sentence.
 {¶ 15} The sole assignment of error in case no. 06-CA-0078 is overruled.
 III {¶ 16} The First Assignment of Error in case no. 06-CA-0095 is as follows:
 {¶ 17} "THE CONVICTION OF GUILTY UNDER THE AMENDED COUNT ONE FOR ATTEMPTED RAPE AGAINST THE DEFENDANT STEVEN HALL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} Hall pled guilty to the Attempted Rape of his daughter. A plea of guilty "is a complete admission of the defendant's guilt." Crim. R. 12(B)(1). Except in cases involving a charge of Aggravated Murder, "the court need not take testimony upon a plea of guilty or no contest." Crim. R. 12(C)(4). Hall's guilty plea had the effect of relieving the State of its burden of proving his guilt beyond reasonable doubt. The State was not required to present any evidence of Hall's guilt, and his conviction, being predicated upon his guilty plea, cannot be against the manifest weight of the evidence.
 {¶ 19} The First Assignment of Error in case no. 06-CA-0095 is overruled.
 IV {¶ 20} The Second Assignment of Error in case no. 06-CA-0095 is as follows:
 {¶ 21} "THE PERFORMANCE OF DEFENDANT'S TRIAL COUNSEL PROVIDED THE DEFENDANT WITH CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED BY THE CONSTITUTION OF THE *Page 7 
UNITED STATES OF AMERICA."
 {¶ 22} Hall acknowledges that to prevail on this assignment of error he must demonstrate that his trial counsel's performance was deficient, overcoming a presumption to the contrary, and further demonstrate resulting prejudice. In the context of a guilty plea, the prejudice required is a strong probability that, but for trial counsel's ineffectiveness, the defendant would not have pled guilty. We have reviewed the record, and we find that it falls far short of demonstrating either deficient performance or resulting prejudice.
 {¶ 23} Hall bases his argument entirely upon the fact that at the plea hearing, he was asked by the trial court: "Do you have prior convictions?," and he responded: "No, sir." Apparently, this was not a correct response, because eight days later, at the sentencing hearing, Hall's counsel acknowledged from reading the pre-sentence investigation report that Hall had an adult record consisting of "a passing bad check as a misdemeanor in 1995, another passing bad check in 2004."
 {¶ 24} In our view, this exchange does not establish either that Hall's trial counsel was ineffective, or that any ineffectiveness resulted in Hall's pleading guilty. Hall seems to believe that his incorrect response to the trial court's question about having had any prior convictions should have led his trial counsel to conclude that Hall did not understand the plea colloquy, and that as a result of trial counsel's failure to intervene in some way, Hall pled guilty despite not understanding the consequences of his plea.
 {¶ 25} There is nothing in the record to establish that Hall's counsel knew, or should have known, at the time of the plea hearing, about Hall's prior convictions. Hall did not acknowledge them, either as a result of not understanding what a conviction is, *Page 8 
of not remembering them, or as a deliberate deception.
 {¶ 26} Even if Hall's counsel did know about the prior convictions at the time of the plea hearing, there is nothing in this record from which we could conclude that this would reasonably have led him to question whether his client understood the consequences of his plea. The trial court had ascertained that Hall was 38 years old, that he was a United States citizen, and that he was not under the influence of alcohol, drugs or medication. The trial court had ascertained that Hall had discussed this case with his attorney, had read the written plea form and gone over it with his attorney, and was satisfied with his representation. The trial court elicited from Hall that he understood each of the rights he would be giving up by pleading guilty, that he understood the maximum possible sentence for the offense, that he understood post-release controls and community controls, and that he understood the registration and reporting requirements to which he would be subject as an aggravated sexually-oriented offender. Finally, the trial court elicited from Hall that he understood that he was admitting to having committed the offense, and was waiving his right to trial, by pleading guilty.
 {¶ 27} At most, this record might establish that Hall did not understand what the word "conviction" meant when he was asked whether he had any prior convictions, although even this is a stretch, since his negative response may have indicated either that he did not remember the prior convictions, or that he was dissembling in that regard. We see no reason to conclude, or for Hall's counsel to have concluded, that Hall did not understand the consequences of his plea. It would not be inconsistent with this record for Hall's counsel to have gone over with him, before the plea hearing, all of *Page 9 
the consequences of his accepting the plea bargain and pleading guilty to Attempted Rape, making sure that Hall understood them, in which event, Hall's counsel would have had no reason to suppose that any uncertainty by Hall as to what the word "conviction" means would have affected his decision to take the plea bargain.
 {¶ 28} The second assignment of error in case number 06-CA-0095 is overruled.
 V {¶ 29} The third assignment of error in case number 06-CA-0095 is as follows:
 {¶ 30} "THE DEFENDANT'S PLEA OF GUILTY WAS NOT ENTERED KNOWINGLY AND VOLUNTARILY, AND THUS, THE TRIAL COURT ACTED IMPROPERLY WHEN IT ACCEPTED DEFENDANT'S GUILTY PLEA TO THE CRIMINAL OFFENSE ALLEGED IN THE AMENDED INDICTMENT OF ATTEMPTED RAPE."
 {¶ 31} For the reasons set forth in Part IV, above, we conclude that this record falls short of establishing that Hall's guilty plea was entered other than knowingly and voluntarily. This assignment of error is subject to a further infirmity. The assigned error by the trial court occurred, if at all, at the time the trial court accepted Hall's plea. At that time, there is no reason to suppose that the trial court knew, or had reason to know, that Hall's negative response to the question whether he had any prior convictions was incorrect; that fact came out only later, at the sentencing hearing, as a result of the pre-sentence investigation report ordered by the trial court after it accepted Hall's plea. Without knowledge of this discrepancy, the trial court would have had no reason to believe, at the time that it accepted Hall's plea, that his plea was tendered other than *Page 10 
knowingly and voluntarily. Therefore, the trial court did not err when it accepted the plea.
 {¶ 32} If, indeed, Hall was under some misapprehension of the consequences of his plea, whether or not as a result of some failing on his trial counsel's part, he could have moved to withdraw his plea, asserting his confusion as a basis, and laying a foundation, in the record. He has not done so. The record upon which we must decide this appeal does not demonstrate the error assigned.
 {¶ 33} The third assignment of error in case number 06-CA-0095 is overruled.
 VI {¶ 34} All assignments of error in both case number 06-CA-0078 and case number 06-CA-0095 having been overruled, the judgment of the trial court is Affirmed.
 BROGAN and DONOVAN, JJ., concur. *Page 1