OPINION
{¶ 1} This is Joseph Brown's third appeal of sentences imposed upon him. The sentences are five years on a second degree felony, one year on a third degree felony, and twelve months on a fourth degree felony. The one year and twelve month sentences are to be served concurrently with each other and consecutively to the five-year sentence for an aggregate sentence of six years. We *Page 2 
reversed for re-sentencing in Darke App. No. 04 CA 1645 because of insufficient findings to justify consecutive sentences. After re-sentencing, Brown again appealed, and we reversed and remanded again for re-sentencing, in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Brown has appealed from that re-sentencing, which occurred on August 10, 2006. The trial court has imposed the same sentence on all three occasions that it has sentenced Brown.
 I {¶ 2} Brown's single assignment of error asserts:
 {¶ 3} "THE TRIAL COURT ERRED WHEN IT RE-SENTENCED APPELLANT TO THE SAME OF [sic] SENTENCE OF FIVE YEARS ON THE SECOND DEGREE FELONY AND TWO, ONE YEAR TERMS ON THE OTHER TWO OFFENSES, TO BE SERVED CONCURRENT WITH EACH OTHER BUT CONSECUTIVE TO THE FIVE YEAR PRISON TERM, BECAUSE THIS SENTENCING IS INCONSISTENT WITH FOSTER"
 {¶ 4} Brown states that he presents one issue for review: "* * * that being that re-sentencing him to the same sentence of five years on the second degree felony and two, one year terms on the other two offenses, to be served concurrent with each other but consecutive to the five year prison term, is inconsistent with Foster because it violates the public policy behind the Foster decision." His argument, in capsule form, is that "although the trial court's August 10, 2006 passing of sentence without judicial fact finding was procedurally consistent with Foster, the term of the sentence was not consistent with Foster because it conflicts with the very problem Foster
tried to correct, that being the problem of sentencing a defendant to more than the minimum, or to consecutive sentences based on judicial finding of facts on which a defendant had no opportunity to be heard."
 {¶ 5} Brown's argument appears to be that, at least as to cases remanded for re-sentencing *Page 3 
per Foster, the trial court is required to impose minimum, concurrent sentences because the judicial fact-finding utilized to justify greater than minimum and consecutive sentences is unconstitutional. Absent such fact-finding, the trial court can, the argument continues, only impose minimum, concurrent sentences.
 II {¶ 6} We disagree. Foster did no more than declare unconstitutional those sections of the Ohio sentencing statutes that legislativelymandated judicial fact-finding as a prerequisite for imposing greater than minimum sentences and consecutive sentences. Foster does not forbid trial courts from performing factual analyses of the particular circumstances of the offender and his or her offenses in determining appropriate sentences. The constitutional mischief is not judicial fact-finding, but legislatively mandated judicial fact-finding. SeeU.S. v. Booker (2005), 543 U.S. 220, 233-34, 125 S.Ct. 738,160 L.Ed.2d 621; State v. Hall, Clark App. Nos. 06-CA-78, 06-CA-95, 2007-Ohio-4203.
 {¶ 7} Foster is applicable to all cases on direct review.Foster at ¶ 106. Thus, syllabus seven, which provides that trial courts have full discretion to impose prison sentences within the statutory range — without the need to make findings or give reasons for imposing maximum, consecutive, or greater than minimum sentences — is applicable to this remanded case.
 {¶ 8} The Foster court acknowledged Brown's concern that its remedy arguably "vitiates S.B.2's goals," but concluded that "[t]he overwhelming majority of [the S.B.2] reforms survive today's constitutional decision." Id. at ¶ 100-101. For example, R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13, which guide all sentencing decisions, are not affected by Foster.
 III *Page 4 {¶ 9} On remand, the trial court imposed the same sentence it had previously imposed. It did state in imposing sentence its reasons for doing so, although that was not required. The trial court's disposition of this case was in accord with Foster and within the applicable statutory sentencing ranges.
 {¶ 10} Finding no error, the judgment will be affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1