[Cite as *State v. Williams*, 2016-Ohio-5655.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26635 |
| | : | |
| v. | : | T.C. NO. 14CR2762 |
| | : | |
| DAVID A. WILLIAMS | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___2nd___ day of _____September_____, 2016.

. . . . . . . . . . .

MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOYCE M. DEITERING, Atty. Reg. No. 0005776, 8801 N. Main Street, Suite 200, Dayton, Ohio 45415
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant David A. Williams appeals his conviction and sentence for one count of kidnapping (under thirteen/incompetent), in violation of R.C. 2905.01(B)(1), a felony of the first degree, and one count of felonious assault (serious physical harm), in violation of 2903.11(A)(1), a felony of the second degree. Williams

filed a timely notice of appeal with this Court on March 26, 2015.

**{¶ 2}** On August 13, 2014, Williams was indicted for one count of kidnapping (under thirteen/incompetent), and one count of felonious assault (serious physical harm). At his arraignment on August 20, 2014, Williams stood mute, and the trial court entered pleas of not guilty on his behalf.

**{¶ 3}** On March 13, 2012, Williams plead guilty to both offenses as charged in the indictment. As part of a negotiated plea deal, the State agreed to an aggregate five-year prison term. The trial court accepted Williams' pleas and found him guilty of both counts. The trial court also ordered the adult probation department to prepare a presentence investigation report (PSI).

**{¶ 4}** At his sentencing hearing on March 19, 2015, Williams made an oral motion to withdraw his guilty pleas and have new counsel appointed to represent him. The trial court permitted Williams to explain the rationale behind his motion to withdraw his pleas. Because Williams was already aware of the length of the sentence he was to receive prior to disposition, the trial court utilized the standard for a post-sentence motion to withdraw. Finding that the basis for Williams' motion to withdraw his pleas was a mere change of heart, the trial court overruled his motion and proceeded to sentencing. Thereafter, the trial court sentenced Williams to an aggregate five-year prison term pursuant to the negotiated plea deal with the State.

**{¶ 5}** It is from this judgment that Williams now appeals.

**{¶ 6}** Because they are interrelated, Williams' first and second assignments of error will be discussed together as follows:

**{¶ 7}** "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S REQUEST

TO WITHDRAW HIS PLEA BEFORE SENTENCING."

{¶ 8} "THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT-APPELLANT'S UNKNOWING AND INVOLUNTARY GUILTY PLEA."

{¶ 9} In his first assignment, Williams contends that the trial court erred when it denied his motion to withdraw. Specifically, Williams asserts that the trial court should have granted his motion to withdraw because he pled guilty to both counts under pressure from his trial counsel. Furthermore, Williams argues that the trial court failed to hold a proper hearing on his motion to withdraw his guilty pleas because he provided a defense to the offenses for which he was charged in his oral motion prior to sentencing. Williams also argues that the trial court's Crim. R. 11 colloquy was deficient, and his pleas were not made in a knowing, voluntary, and intelligent fashion.

{¶ 10} Initially, we note that Williams orally moved to withdraw his pleas on the day of his sentencing hearing but before the trial court imposed sentence. The trial court analyzed Williams' motion to withdraw under the post-sentencing standard pursuant to Crim.R 32.1. The trial court ultimately held that Williams' motion to withdraw failed under the post-sentencing standard and proceeded to sentencing.

{¶ 11} In *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, we addressed a similar situation, wherein we stated the following:

> Before turning to the merits of Simpson's argument, we must determine the standard applicable to his motion. Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the

defendant to withdraw his or her plea." Under the foregoing rule, a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527. Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion. *Id.* The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate,* Montgomery App. No. 21574, 2007–Ohio–26, ¶ 10.

When a defendant discovers before sentencing the particular sentence a trial court intends to impose, we have held that a pre-sentence motion to vacate his plea ordinarily should be treated as a post-sentence motion. This is so because a defendant cannot test the sentencing waters and then move to vacate his plea just before sentencing if he receives an unpleasant surprise. *State v. Wallen,* Montgomery App. No. 21688, 2007–Ohio–2129, ¶ 22. We also have recognized, however, that this reasoning does not apply to agreed sentences. "Where a sentence is agreed to as part of a plea bargain, and the trial court has indicated that it is joining in the agreement, there has been no 'unpleasant surprise' to the defendant after 'testing the sentencing waters,' which is the rationale for the stricter standard for a post-sentence motion to withdraw a plea." *Id.* Therefore, when a defendant files a pre-sentence motion to vacate a plea entered as part of a plea deal with an agreed sentence, the motion still should be

treated as a pre-sentence motion and judged under the more lenient standard. *Id.;* see, also, *State v. Williamson,* Montgomery App. No. 21965, 2008–Ohio–4727, ¶ 11. On the other hand, the fact that the defendant knew what the ultimate sentence would be may be a factor that the trial court could consider to determine whether the defendant's request to withdraw is simply a change of heart.

*Id.* at ¶¶ 6, 7.

{¶ 12} Accordingly, although the trial court erred in applying the post-sentence "manifest injustice" standard to Williams' motion, we are persuaded that its error was harmless beyond a reasonable doubt. *See State v. Williamson,* 2d Dist. Montgomery No. 21965, 2008–Ohio–4727, ¶ 12. "Ordinarily, we might hesitate to find, with any degree of certainty, that the trial court would have reached the same conclusion under the more lenient standard governing pre-sentence motions." *Id.*

{¶ 13} However, in the instant case, although it applied the wrong standard to the plea-withdrawal motion, the trial court also found that Williams appeared to have merely had a change of heart with respect to his plea. In *State v. Wallen,* 2d Dist. Montgomery No. 21688, 2007-Ohio-2129, we observed that "[a] mere change of heart has been found to be an insufficient basis for granting a pre-sentence motion to withdraw a plea." *Id.* at ¶ 23. Even under the more lenient standard, a defendant must show a "reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A change of heart is not enough, and the trial court's finding regarding Williams' true motivation is entitled to deference. A trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to

review for an abuse of discretion. *State v. Thomas*, 2d Dist. Montgomery No. 25331, 25332, 2014-Ohio-1120, ¶ 24.

**{¶ 14}** "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012–Ohio–4621, ¶ 7.

**{¶ 15}** As this Court has noted:

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."

*State v. Askew,* 2d Dist. Montgomery No. 20110, 2005–Ohio–4026, ¶ 8, quoting *State v. Barnett,* 73 Ohio App.3d 244, 250, 596 N.E.2d 1101 (2d Dist.1991).

**{¶ 16}** At disposition, the following exchange occurred between Williams and the trial court prior to the sentence being imposed:

The Court: *** Now, Mr. Williams, do you have anything to say prior to sentencing?

Williams: Oh, absolutely, Your Honor. *** Reasons for Court to remove and grant new counsel and cancel my plea. Lack of personal knowledge by client. Eight plus months with counsel and still no receipt of any form of discovery. Criminal Rule 16, full disclosure. I have asked for one month, I have asked for one month's ago. Most common thing for client to obtain.

Number two, irreconcilable differences. Client and counsel cannot agree on a defense strategy that coincide with each other. Witnesses was told by attorney could not be called in time for trial. Why? Had I sufficient counsel not only would I have known to get witnesses for sure but moreover that there was is [sic] a time line place to do so before trial. Sufficient counsel would not only favored any help I could offer appointed counsel but also see to it that it was done in appropriate time.

Number three. Ignorance of the law is not justification for the law whether it's been witness, motions or just what happens next. Now I have learned I cannot fall back on the idea or notion that I didn't know about more I could do more options as a justifiable reason to the Court for all of the above.

My attorney has done none of that to best inform me of the matters of fact and the law.

My lawyer has been, in fact, I believe helping the prosecutor scare me to death and make it easier on himself.

I have seen so many people get programs, probation for way worse

things they have done. I have seen sickos, very malicious crimes, aggravated robberies at gunpoint and people assaulting people with weapons with two and three counts get the MonDay Program, time on the shelf and probation. Some of them are gangbangers, street thugs and they get a chance to prove themselves to the Court and their families.

My charges are way trumped up. Even my counsel never supported the fact of providing what actions my involvement really caused and much lesser offense at best.

I'm not F-1 and F-2 material.

That's all I have to say, Your Honor. Thank you.

The Court: Okay.

Defense Counsel: Your Honor, I'm not speaking against my client's wishes, I'm only going to put for the record that we do have an investigator. Mr. Emmons has met with [Williams] and he's also gone out to the scene and he could not find any witnesses that would be of any assistance to us. I've discussed that with [Williams] many times and he's not provided me any names because, quite frankly, there are no names of people that would say differently. And, therefore, obviously I couldn't provide any witnesses –

***

The Court: I have a question. Mr. Williams, you indicated that you were going to plead guilty one time before when we talked for a while and you didn't want to do it which was fine and we were going to trial last Monday.

I was at a meeting in Columbus, I believe it was last Friday a week ago –

Williams: Uh-huh.

The Court: -- when I was informed that there would be a plea. And you pled in front of Judge Wiseman with me doing the sentencing today.

Now, when I talked to you a couple of days before that your problem seemed to be not so much with [Defense Counsel] but with the fact that you thought three years was enough.

Williams: There was definitely many problems, Your Honor. Many problems in this case. Many things that needed addressed. I'm a very introverted person normally. I'm not very outspoken but it's time for me to speak up and get the facts on the table.

The Court: But was one of your reasons wanting, you said you were overcharged. You wanted three years not five.

Williams: It's definitely. Most of the reasons was because of my lawyer. He has not done, like I said –

The Court: What about the sentence?

Williams: -- plenty of things.

The Court: What about the three years versus five years? Is that one of your complaints?

Williams: It's the whole thing. The charges are trumped up. The whole thing, I believe, is terrible. It was very most unfortunate. I loved her [the victim] very much. The outcome was terrible. It was terrible, terrible,

terrible. She jumped out the truck. When she jumped out the truck, I stopped the truck. I stopped the truck. She was cussing at me real softly like I hate you, blah-blah-blah-blah-blah. She wanted to get drugs so bad that she jumped out the truck. I'm sure she'd be pretty embarrassed if I went in front of the whole courtroom and told the whole world and asked her, her daughter and everyone there a hundred questions about what would you do if one of your loved ones was trying to go get this and that. What would you do?

***

The Court: *** I believe, basically, what you have is buyer's remorse here. You have been on the record a number of times. What you've talked about is, well, I'm overcharged. I think there are admissions that –

Williams: It's many things. When I said that –

The Court: There are admissions that you did, in fact, take her out of the house into the truck, drove off and apparently she jumped out trying to get away from you and has significant injuries.

At one point, the first time I met with you, which was before the plea before Judge Wiseman, at that time you didn't plea because you said I'll take three years but not five years. And I said, no, the State and your attorney worked out an agreement. Based upon what they told me in chambers about the facts, I thought three years was inappropriate, five years was appropriate as a minimum.

Williams: It was apparent that I was being pressured into [sic] by my

lawyer and the Prosecutor –

The Court: Well, I can't agree –

Williams: -- and I do believe you saw that.

The Court: Yeah.   I can't agree with that because that day you went back to jail.   I expected to go to trial last Monday.   And on Friday, when I was at a meeting at the Supreme Court, I received a phone call saying you had changed your mind and the plea was going forward which apparently it did.   I wasn't there so I can't comment on that.

*In light of my absolute belief that you wish to withdraw your plea because of buyer's remorse that for some reason all of a sudden you don't think the five years, which you agreed to, is such a good deal and you want to get three years instead.*

\*\*\*

*So at this time, I'm finding that your basic reason for withdrawing your plea is you want less time.   That's not an appropriate reason.*

\*\*\*

*But in reviewing the way this case has gone, [Defense Counsel]'s hard work on the case, the discussion with the State and your Defense lawyer and myself, the agreement of five years, the fact that you turned that down, thought about it for a couple of days and then decided to go along with it, the fact that you pled prior to trial and that we had this set for last Monday and now you're –*

\*\*\*

*I do not believe you have an appropriate basis.* ***

{¶ 17} Upon review, we conclude that the record reflects that Williams did not have legitimate grounds for withdrawing his pleas. Williams alleged in his oral motion that his defense counsel failed to provide him with relevant discovery and did not locate witnesses who could testify on his behalf. These assertions are belied by the transcripts from his Crim.R. 11 plea hearing and his oral motion to withdraw. Furthermore, defense counsel stated that he believed that the State's case against Williams was fairly strong. Additionally, defense counsel stated that he hired a private investigator to locate potential defense witnesses, but simply put, there were none. The trial court noted that defense counsel is a zealous and experienced attorney who filed various motions on Williams' behalf, attended hearings where he advocated for Williams, and obtained a plea agreement that reduced a possible nineteen-year sentence to a five-year term.

{¶ 18} During the plea hearing, Williams indicated that he was satisfied with the representation afforded him, and he had sufficient time to discuss the matter with his lawyer. Williams acknowledged that he had not been threatened or promised anything other than the dismissal of a charge against him in return for his guilty pleas. Williams stated he was not under the influence of drugs or alcohol. Williams did not indicate to the court that he was under any emotional stress. Williams indicated that his plea was voluntary and acknowledged that he understood the nature of the charges against him. Williams acknowledged all of his rights, indicated that he understood them, and signed the plea forms.

{¶ 19} Accordingly, Williams' complaint that he felt like he was pressured to plead guilty is not supported by the record. Based on our review of the transcript, defense

counsel did no more than what any good attorney would do. Defense counsel strongly believed that Williams would be convicted and that accepting the plea deal was in his client's best interest. Defense counsel conveyed these opinions to Williams and encouraged him to accept the State's offer. During the Crim.R. 11 hearing, Williams admitted that no one forced or coerced him into accepting the plea agreement and that he did so of his own free will. Where nothing in the record supports a defendant's ineffective assistance of counsel claim other than his own self-serving statements, the record is insufficient to overcome the presumption that the plea was voluntary. *State v. Laster,* 2d Dist. Montgomery No. 19387, 2003–Ohio–1564, ¶ 8. In such a case, a trial court does not err when it overrules a motion to withdraw a plea pursuant to Crim.R. 32.1. We also note that Williams' allegations of ineffective assistance do not constitute new evidence that he was unaware of at the time he entered into the plea. Rather, his argument in this regard is grounded on matters outside the record which can only be addressed by a post-conviction relief motion. *Id.*

**{¶ 20}** It is apparent from the record that the trial court gave Williams' oral motion to withdraw full and fair consideration. For the foregoing reasons, we conclude that Williams was not entitled to withdraw his pleas even under the pre-sentence standard applicable to his oral motion. Williams' change of heart was not sufficient to justify withdrawal of the pleas, and the record does not reflect any legitimate reason for allowing him to do so. Therefore, the trial court's application of the wrong standard to his motion constituted harmless error.

**{¶ 21}** Williams' first and second assignments of error are overruled.

**{¶ 22}** Williams' third and final assignment of error is as follows:

{¶ 23} "DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE OVERTURNED."

{¶ 24} Williams pled guilty to kidnapping and felonious assault. A plea of guilty "is a complete admission of the defendant's guilt." Crim. R. 12(B)(1). Except in cases involving a charge of aggravated murder, "the court need not take testimony upon a plea of guilty or no contest." Crim. R. 12(C)(4). Williams' guilty plea had the effect of relieving the State of its burden of proving his guilt beyond reasonable doubt. The State was not required to present any evidence of Williams' guilt, and his convictions, being predicated upon his guilty pleas, cannot be against the manifest weight of the evidence. *See State v. Hall*, 2d Dist. Clark No. 06-CA-78, 06-CA-95, 2007-Ohio-4203, ¶ 18.

{¶ 25} Williams' third and final assignment of error is overruled.

{¶ 26} All of Williams' assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Meagan D. Woodall
Joyce M. Deitering
Hon. Barbara P. Gorman