OPINION
{¶ 1} Defendant-appellant, William A. Fortner, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On September 7, 2006, a Franklin County Grand Jury indicted appellant with seven counts of aggravated robbery in violation of R.C. 2911.01, 14 counts of robbery in violation of R.C. 2911.02, seven counts of kidnapping in violation of R.C. 2905.01, and two counts of failure to comply with an order or signal of a police officer in *Page 2 
violation of R.C. 2921.331. Each count contained a firearm specification pursuant to R.C. 2941.145. The charges arose out of appellant's involvement in an armed robbery at JE Electronics in Whitehall, Ohio. Appellant and a co-defendant entered the store armed with guns and ordered a number of people on the ground. The two men duct-taped those people and took property from some of them. They also ordered one of the store's employees to open the store's cash register. After one of the victims escaped, appellant and his co-defendant left the store and led the police on a high-speed chase until they were ultimately caught and arrested.
 {¶ 3} Appellant initially entered a not guilty plea to the charges. He subsequently withdrew that plea and entered a guilty plea to six counts of aggravated robbery with a firearm specification, one count of kidnapping with a firearm specification, and one count of failure to comply with an order or signal of a police officer. The trial court accepted appellant's guilty plea, found him guilty, and sentenced him to eight years in prison for each aggravated robbery count, eight years for the kidnapping count, and one year for the failure to comply with an order or signal of a police officer count. Over appellant's objections, the trial court ordered that two of the aggravated robbery sentences be served consecutively to each other and to the sentence for failure to comply with an order or signal of a police officer. The trial court ordered that the remaining sentences be served concurrently to each other and to the other sentences. With the additional three years for the firearm specification, the trial court sentenced appellant to a total prison term of 20 years.
 {¶ 4} Appellant appeals and assigns the following errors:
 [I.] The trial court erred in imposing consecutive sentences on two counts of aggravated robbery, where the indictment *Page 3 
identified the same victim of the underlying theft offenses and the conduct took place during a single, continuous transaction.
 [II.] The trial court erred in failing to conduct a proportionality analysis, as required by R.C. 2929.11(B), or in considering the sentencing factors, as set forth in R.C. 2929.12, prior to imposing a twenty year sentence on a defendant with no criminal record and an exemplary personal history.
 {¶ 5} Appellant contends in his first assignment of error that the trial court erred by imposing consecutive sentences for two of his aggravated robbery convictions because the indictment identified the same victim of the underlying theft offenses. In essence, appellant challenges his sentence based upon alleged deficiencies in the indictment. Appellant pled guilty to six counts of aggravated robbery as alleged in the indictment. Each of those counts alleged, in pertinent part, that:
 The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that [appellant] late of said county, on or about the 31st day of August in the year of our Lord, 2006, within the county of Franklin aforesaid, in violation of section 2911.01 of the Ohio Revised Code, in attempting or committing a theft offense as defined in section 2913.01 of the Ohio Revised Code, in respect to JE Electronics, or in fleeing immediately after the attempt or offense did have a deadly weapon, to wit: a firearm, on or about their person or under their control, and did display the weapon, and/or did brandish the weapon, and/or did indicate that [appellant] did possess the weapon, and/or did use the weapon, and/or inflict or attempt to inflict serious physical harm to [person's name].
 {¶ 6} Appellant contends that because the indictment alleged that JE Electronics was the only theft victim in each of the aggravated robbery counts, he could only be punished once for the acts that were committed during the same course of conduct and with the same purpose. As a result, appellant claims the trial court only had *Page 4 
authority to convict and sentence him for one count of aggravated robbery. The State contends that appellant waived this argument by pleading guilty. We agree.
 {¶ 7} A guilty plea is an admission that the defendant committed the crime charged against him. By entering a guilty plea, "the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." U.S. v.Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757. See, also, State v.Poissant, Fairfield App. No. 03-CA-14, 2003-Ohio-4578, at ¶ 12 (defendant who pleads guilty to two counts having facial allegations of distinct offenses concedes that he had committed two separate crimes).
 {¶ 8} A criminal defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in the proceedings. State v. Davis, Highland App. No. 06CA21,2007-Ohio-3944, at ¶ 17; State v. Cruse, Franklin App. No. 01AP-1074, 2002-Ohio-3259, at ¶ 22. See, also, State v. Hooper, Columbiana App. No. 03 CO 30, 2005-Ohio-7084, at ¶ 7-17 (defendant who enters guilty plea to two distinct offenses waives argument that offenses are, in reality, allied offenses of similar import). As relevant here, a defendant waives his right to challenge any defects in an indictment by pleading guilty.State v. Richards, Stark App. No. 2002CA00057, 2002-Ohio-6847, at ¶ 15-18; State v. Miller (Oct. 2, 1996), Meigs App. No. 95CA10;Davis, at ¶ 18.
 {¶ 9} In Richards, the defendant robbed a restaurant with a gun and struck people in the restaurant with the gun. A grand jury indicted Richards with three counts of aggravated robbery and one count of felonious assault. Richards entered a guilty plea to all of the charges in the indictment. The trial court ordered that two of the aggravated robbery sentences be served consecutively to each other and to his sentence for *Page 5 
felonious assault. In his appeal, Richards argued that the trial court could not impose consecutive sentences because the indictment appeared to contain duplicate charges. Richards, at ¶ 15-18. TheRichards court rejected that argument, reasoning that by pleading guilty to the charges, Richards waived his right to challenge the indictment. Id. at ¶ 17. The court noted that Richards, although couching his argument in sentencing terms, could not "attempt to attack the indictment and Bill of Particulars under the guise of claiming error in the sentencing procedure, as the crux of [his] assignment of error challenges the indictment and Bill of Particulars." Id.
 {¶ 10} Similarly, in the present case, a grand jury indicted appellant with, among other charges, seven counts of aggravated robbery. Appellant entered a guilty plea to six of those counts and the trial court sentenced him to consecutive sentences for two of those counts.[1]
Appellant's argument in this appeal, although expressed in terms of sentencing error, is in reality an attack on the language of the indictment. Appellant's counsel conceded as much at oral argument, when he stated: "[i]n this case, there is no merger analysis, based on how [the State] indicted [appellant]." Further, appellant's brief in support of this assignment of error centers on the language of the indictment and the State's decision to indict appellant in the manner it did. Because appellant pled guilty to six counts of aggravated robbery as charged in his indictment, he has waived his right to challenge alleged defects in the indictment. Therefore, we overrule appellant's first assignment of error. *Page 6 
 {¶ 11} Appellant contends in his second assignment of error that the trial court failed to consider R.C. 2929.11 and 2929.12 before imposing sentence. We disagree.
 {¶ 12} R.C. 2929.11 provides that a trial court sentencing an offender for a felony offense must be guided by the two purposes of felony sentencing: (1) protecting the public from future crime by the offender and others, and (2) punishing the offender. The statute further provides that a felony sentence must be reasonably calculated to serve these purposes "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). R.C. 2929.12 sets forth a list of factors relating to the offender's conduct and to the likelihood that an offender will commit future crimes. The trial court imposing sentence in a felony case is required to consider these factors, as well as any other relevant factors, in exercising its discretion to fashion a sentence that will most effectively comply with the purposes of sentencing.
 {¶ 13} In this case, the trial court's judgment entry states that the court considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors set forth in R.C. 2929.12. This court has held that the use of such language in a sentencing entry is sufficient by itself to overcome a defendant's claim that the trial court did not consider the two statutes. State v. Todd, Franklin App. No. 06AP-1208, 2007-Ohio-4307, at ¶ 16; State v. Hairston, Franklin App. No. 06AP-420, 2007-Ohio-143, at ¶ 12; State v. Holloman, Franklin App. No. 07AP-875, 2008-Ohio-2650, at ¶ 24.
 {¶ 14} Appellant's second assignment of error is overruled. *Page 7 
 {¶ 15} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and SALDER, JJ., concur.
[1] Appellant does not claim that his plea was not knowing, intelligent, or voluntary, nor has he attempted to withdraw his guilty plea. *Page 1