[Cite as *State v. Elifritz*, 2016-Ohio-7193.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-02-002 |
| | : | O P I N I O N |
| - vs - | | 10/3/2016 |
| | : | |
| DARION ROBERT ELIFRITZ, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15-CR-11839

Martin P. Votel, Preble County Prosecuting Attorney, Eric Marit, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Timothy Young, Ohio Public Defender, Brooke M. Burns, Chief Counsel, Juvenile Department, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Darion R. Elifritz, appeals a decision of the Preble County Court of Common Pleas classifying him as a Tier III sex offender.

{¶ 2} On September 8, 2015, the Preble County Grand Jury returned a five-count indictment charging Elifritz with two counts of rape, two counts of gross sexual imposition, and one count of importuning. The felony charges were a result of Elifritz engaging and

soliciting in sexual conduct with a minor between the ages of nine and thirteen. The conduct occurred on or about September 9, 2008 to September 9, 2012. Elifritz was born on October 19, 1993; therefore, the conduct occurred while he was both a minor and an adult, and the grand jury indicted him at the age of 21.

{¶ 3} As part of a plea bargain, Elifritz pled guilty to five felonies: two counts of attempted rape, two counts of gross sexual imposition, and one count of importuning. At sentencing, the state presented the parties' jointly recommended sentence. Consistent with that recommendation, the trial court then imposed a suspended three-year prison term, placed Elifritz on three years of community control, ordered him to complete sex offender treatment, and classified him as a Tier III sex offender. It is from this judgment that Elifritz now appeals.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE PREBLE COUNTY COURT OF COMMON PLEAS ERRED WHEN IT CLASSIFIED DARION ELIFRITZ AS A TIER III SEX OFFENDER REGISTRANT, AS DEFINED IN R.C. 2950(G)(1), BECAUSE THE IRREBUTTABLE PRESUMPTION IN OHIO'S ADULT REGISTRATION SCHEME VIOLATES DUE PROCESS WHEN APPLIED TO JUVENILE OFFENDERS.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE PREBLE COUNTY COURT OF COMMON PLEAS ERRED WHEN IT CLASSIFIED DARION ELIFRITZ AS A TIER III SEX OFFENDER REGISTRANT, AS DEFINED IN R.C. 2950(G)(1), BECAUSE THE AUTOMATIC AND MANDATORY LIFETIME CLASSIFICATION OF JUVENILE OFFENDERS IS CRUEL AND UNUSUAL PUNISHMENT.

{¶ 8} In his first assignment of error, Elifritz argues that applying Ohio's registration and notification requirements to juvenile offenders, such as himself, created an unconstitutional irrebuttable presumption because it declares juvenile offenders as culpable

- 2 -

as adult counterparts. In support of his argument, Elifritz cites to differences in required procedures between juvenile and adult offenders that a sentencing court must consider before making a determination of an offender's tier level. Elifritz asserts this irrebuttable presumption violated his due process rights under the United States and Ohio Constitutions.

{¶ 9} In his second assignment of error, Elifritz argues that automatically classifying him as a Tier III sex offender subject to lifetime adult registration and notification requirements is unconstitutional as cruel and unusual punishment under the United States and Ohio Constitutions. In support of his argument, Elifritz asserts that he was a juvenile at the time of the offenses, and had he "been adjudicated delinquent of attempted rape in juvenile court, he would not be subject to automatic, mandatory, lifetime registration as a Tier III sex offender registrant." Both assignments of error center around the same reasoning; Elifritz asserts that because he committed the offenses as a juvenile, he should not have been subject to the automatic, mandatory, lifetime registration requirements of an adult Tier III sex offender.

{¶ 10} Appellant's first and second assignments or error are related; therefore, we will address them together. We note that this case took place entirely in adult criminal court; thus, it did not involve a transfer from juvenile court to criminal court. Additionally, Elifritz admits he did not object to his Tier III classification or raise his constitutional challenges before the trial court. It is well-established that "the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). Therefore, an appellant's "'[f]ailure to raise the issue of the constitutionality of a statute or its application at the trial court level generally constitutes waiver of that issue and need not be heard for the first time on appeal.'" *State v. Myers*, 12th Dist. Madison No. CA2012-12-027, 2014-Ohio-3384, ¶ 12, quoting *State v. Golden*, 10th Dist. Franklin No. 13AP-927, 2014-Ohio-2148, ¶ 11; *see also*

- 3 -

*Awan* at ¶ 122.

**{¶ 11}** However, the waiver doctrine stated in *Awan* is discretionary, and an appellate court may review claims of defects affecting substantial rights for plain error, despite an appellant's failure to bring such claims to the attention of the trial court. Crim.R. 52(B); *In re M.D.*, 38 Ohio St.3d 149, 151 (1988). The party asserting plain error must demonstrate that an obvious error occurred, which affected the outcome of the trial. *State v. Jackson*, Slip Opinion No. 2016-Ohio-5488, ¶ 134. The Ohio Supreme Court has acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing reviewing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), discussing *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus (1978).

**{¶ 12}** Elifritz argues that had his counsel objected, the outcome would have been different because it "would have given the juvenile court the opportunity to consider the constitutionality of R.C. Chapter 2950 as applied to [him], a juvenile offender." In a similar case, the Eighth District considered the exact argument, construing it to mean that had appellant's counsel objected, "it would have given the trial court (not the juvenile court) the opportunity to consider the constitutionality of R.C. Chapter 2950 as applied to him, since [appellant] was convicted and sentenced in adult criminal court." *State v. Martin*, 8th Dist. Cuyahoga No. 102783, 2016-Ohio-922, ¶ 13. From this assumption, the Eighth District found that the outcome would not have been different, stating "[j]ust because his objection would have given the trial court the *opportunity to consider* the constitutionality of R.C. Chapter 2950, does not mean that the trial court would have found the statute unconstitutional as applied to him." (Emphasis sic.) *Id.* at ¶ 14. Furthermore, the court found even if he had objected the trial court would not have found the statute unconstitutional as applied. *Id.*

**{¶ 13}** Similarly, we assume Elifritz asserts that an objection would have afforded the

trial court and not the juvenile court an opportunity to review the statute's constitutionality because Elifritz's conviction and sentencing were in adult criminal court. Furthermore, we agree with the reasoning of the Eighth District with respect to Elifritz's argument, as an opportunity to consider a statute's constitutionality does not equate to a finding that a statute is unconstitutional as applied to Elifritz. Moreover, as discussed below, there is no merit to Elifritz's arguments regarding the unconstitutionality of the statute.

{¶ 14} The basis of Elifritz's due process argument focuses on the discretionary aspects of classifying a juvenile in juvenile court as a Tier III sex offender, as opposed to offense-specific, automatic adult classifications. For adult sexual offenders, the trial court does not have discretion in the offender's classification or in determining the duration and frequency of the offender's obligation to report updated personal information. R.C. 2950.01(E) thru (G) and 2950.04 thru 2950.07. Whereas, if a juvenile is adjudicated delinquent of a sex offense in juvenile court, the court is required to conduct a hearing to determine the juvenile's tier classification, which is ultimately within the court's discretion. R.C. 2152.82(A)-(B). If the juvenile court makes a determination that the registrant is a Tier III offender, then, the court may impose notification requirements, but they are not automatic. R.C. 2152.82(B).

{¶ 15} Elifritz asserts that he committed the sex offenses as a juvenile; therefore, the application of the adult classification statutes to him created an unconstitutional irrebuttable presumption. Elifritz further argues that due process requires application of Ohio's registration and notification statutes because they provide a reasonable alternative means to determining the type of risk he poses as a juvenile offender. To support this argument, Elifritz cites a Pennsylvania Supreme Court case that held that automatically classifying juveniles adjudicated delinquent in juvenile court as Tier III sex offenders created an unconstitutional irrebuttable presumption. *See In the Interest of J.B.*, 107 A.3d 1, 24

- 5 -

(Pa.2014). However, *J.B.* is dissimilar to the facts in this case because Elifritz was neither a juvenile adjudicated delinquent in juvenile court nor was he a juvenile convicted in adult court. Rather, as discussed below, he pled guilty to sexual oriented offenses as an adult in adult criminal court. *See, e.g.*, *Martin*, 2016-Ohio-922 at ¶ 22 (distinguishing *J.B.* as inapplicable to defendants convicted in adult court).

{¶ 16} Furthermore, these arguments fail because Elifritz had either reached the age of 18 or was statutorily an adult during the entire period of criminal conduct. Pursuant to R.C. 2152.02(C)(3), "[a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." In this case, Elifritz was between the ages of 15 and 18 during the criminal conduct, but was charged with the five felony sex offenses at the age of 21; thus, pursuant to R.C. 2151.02(C)(3), he is not considered a juvenile in relation to the sex offenses. *Accord State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, ¶ 29 (stating the clear legislative intent of R.C. 2152.02[C][3]) is "that once an offender reaches 21 years of age, he is to be prosecuted as an adult, regardless of his age when the acts were committed). Moreover, this court has previously considered and rejected Elifritz's due process argument. *See State v. Bokeno*, 12th Dist. Butler No. CA2011-03-044, 2012-Ohio-4218, ¶ 22, 26 (holding *Warren* specifically rejects appellant's due process argument that he should not be tried and punished as an adult for crimes committed while under the age of 18 due to the application of R.C. 2152.02[C][3]); *see also State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-2059, ¶ 57 (finding no constitutional violations in trying a defendant as an adult for an offense committed while he was a juvenile). Therefore, we find no merit to his due process argument.

{¶ 17} Elifritz further argues that his automatic classification as a Tier III sex offender was unconstitutional as cruel and unusual punishment because a delinquent adjudication in

juvenile court would have afforded him the increased procedures discussed above. In support of this argument, Elifritz relies on an Ohio Supreme Court decision, which stated that imposition of lifelong registration and notification requirements on a juvenile offender is severe because it involves stigmatization before the offender reaches the age of majority. *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, ¶ 45. However, this argument fails to consider the fact that Elifritz had either reached the age of 18 or was statutorily an adult during the entire period of criminal conduct. Moreover, unlike the facts in this case, the court in *C.P.* specifically addressed a juvenile offender as "one who remains under the authority of the juvenile court", and is subject to lifelong registration and notification requirements. *Id.*; *accord State v. Reidenbach*, 5th Dist. Coshocton No. 2014CA0019, 2015-Ohio-2915, ¶ 33 (explaining *C.P.* applies "to juveniles deemed juvenile offender registrants who remained in the juvenile system" not defendants in adult criminal court).

{¶ 18} Finally, Elifritz cites three United States Supreme Court Cases to support his claim that he should have been treated as a juvenile because juveniles are less culpable than adult counterparts. The Eighth District in *Martin* addressed this specific argument, finding it misplaced as the three cases relied upon, imposed either a death sentence or a life sentence without the possibility of parole. *See Miller v. Alabama*, ___ U.S.___, 132 S.Ct. 2455, 2460 (2012) (holding mandatory life sentences without parole for juveniles convicted of homicide offenses violates the Eighth Amendment); *Graham v. Florida*, 560 U.S. 48, 82, 130 S.Ct. 2011 (2010) (holding mandatory life sentences without parole for juveniles convicted of nonhomicide offenses violates the Eighth Amendment); *Roper v. Simmons*, 543 U.S. 551, 578, 125 S.Ct. 1183 (2005) (holding the Eighth Amendment prohibits imposing a death sentence on offenders who were juveniles at the time of the offense). Consistent with *Martin*, we decline to extend the reasoning of the United States Supreme Court to Elifritz's Tier III classification. *See, e.g., Martin*, 2016-Ohio-922 at ¶ 21 (stating it is illogical "to equate a

death sentence or a life sentence without the possibility of parole with having to register as a sex offender for life").

{¶ 19}  Assignment of Error No. 3:

{¶ 20}  DARION ELIFRITZ WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE IMPOSITION OF AN UNCONSTITUTIONAL CLASSIFICATION.

{¶ 21}  In his third assignment of error, Elifritz asserts that his trial counsel failed to object to the sex offender classification; thereby, divesting Elifritz of "the opportunity to have the trial court consider whether the scheme that requires a juvenile offender whose case was transferred to criminal court to be classified as a sex offender registrant as though he were an adult, when he committed his offense, is constitutional." Further, Elifritz asserts prejudice from this alleged deficiency because he is subject to the mandatory duty to register as a Tier III sex offender.  However, because we found that Elifritz's constitutional arguments are without merit, even if his trial counsel had objected, Elifritz would have been classified a Tier III sex offender, and thus, he suffered no prejudice.

{¶ 22}  Accordingly, we find Elifritz's first, second, and third assignments of error are without merit and overruled.

{¶ 23}  Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.