[Cite as *State v. Jones*, 2020-Ohio-5525.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-300 |
| | | (C.P.C. No. 18CR-3063) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Anthony L. Jones, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 3, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Daniel J. Stanley*, for appellee.

**On brief:** *Anthony L. Jones*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Anthony L. Jones, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate or set aside judgment.  For the following reasons, we affirm.

**I.  Facts and Procedural History**

{¶ 2}  By indictment filed June 26, 2018, plaintiff-appellee, State of Ohio, charged Jones, along with seven other codefendants, with one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a first-degree felony; one count of trafficking in marijuana, in violation of R.C. 2925.03, a second-degree felony; two counts of trafficking in cocaine, in violation of R.C. 2925.03, first-degree felonies; one count of trafficking in marijuana, in violation of R.C. 2925.03, a fourth-degree felony; and one count of receiving

proceeds of an offense subject to forfeiture proceedings, in violation of R.C. 2927.21, a third-degree felony. Five of the counts contained accompanying one-year firearm specifications, and two of the counts contained forfeiture specifications for the $509,373 in currency seized following an execution of a search warrant. The indictment related to conduct occurring between December 18, 2017 and June 16, 2018. The case number in the trial court for this first indictment was Franklin C.P. No. 18CR-3063. Jones initially entered a plea of not guilty.

{¶ 3} On February 11, 2019, Jones filed a motion to suppress the search of a warehouse at 3410 East Fifth Avenue, arguing the search warrant affidavit did not establish a sufficient nexus between the crimes under investigation and the premises to be searched, and, thus, the search warrant was not supported by probable cause. That same day, Jones filed a motion to suppress the warrantless search of 2430 Performance Way, arguing a police officer's warrantless search of the premises did not fall into any of the exceptions of the search warrant requirement. The state filed a memorandum contra to both of Jones' motions to suppress.

{¶ 4} Prior to the trial court issuing a ruling as to either of Jones' motions to suppress, Jones appeared with counsel on May 14, 2019 and entered a plea of guilty to one count of engaging in a pattern of corrupt activity and one count of trafficking in cocaine in case No. 18CR-3063. That same day, Jones also entered a guilty plea in Franklin C.P. No. 19CR-2314 to one count of trafficking in cocaine relating to a separate indictment the state filed May 10, 2019 for conduct occurring April 21, 2018. The trial court accepted Jones' guilty pleas in both cases, found Jones guilty, and imposed the mandatory required prison sentence of 11 years for the offense of engaging in a pattern of corrupt activity to run consecutive to the mandatory 4 years for the trafficking in cocaine offense in case No. 18CR-3063, and the trial court ordered the sentences in case No. 18CR-3063 to run consecutive to the 4-year sentence it imposed for the offense of trafficking in cocaine in case No. 19CR-2314, for a total aggregate prison sentence of 19 years. Jones did not file a timely direct appeal.

{¶ 5} On September 26, 2019, Jones filed a pro se motion to vacate or set aside judgment. Jones argued in his motion that the issuance of the search warrant leading to his indictment was erroneous because the Franklin County Municipal Court lacked

jurisdiction to issue the warrant. The state opposed Jones' motion, arguing the that the legality of the warrant is irrelevant because Jones' conviction was pursuant to a guilty plea, not pursuant to the search warrant. Jones filed a reply to the state's memorandum in opposition on October 18, 2019 arguing the trial court did not have subject-matter jurisdiction over Jones pursuant to his theory that the search warrant was issued in the wrong jurisdiction and the indictment filed pursuant to the search warrant was void ab initio. Jones filed this motion only in case No. 18CR-3063.

{¶ 6} While his motion to vacate was still pending, Jones filed a February 7, 2020 motion for summary judgment or, in the alternative, request for an oral hearing related to his motion to vacate. Additionally, Jones filed an untimely notice of appeal of his conviction in case No. 18CR-3063 in this court on February 21, 2020. This court denied Jones' motion for leave to file a delayed appeal in a June 30, 2020 memorandum decision. *State v. Jones*, 10th Dist. No. 20AP-113. Jones also filed a pro se writ of mandamus in this court on April 8, 2020. The magistrate recommended dismissal of Jones' mandamus complaint in an April 15, 2020 magistrate's decision. *State ex rel. Jones v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 20AP-203. Jones filed objections to the magistrate's decision on April 27, 2020, and the matter is still pending.

{¶ 7} On May 12, 2020, Jones filed a pro se petition for postconviction relief or, in the alternative, motion to withdraw plea pursuant to Crim.R. 32.1.

{¶ 8} The next day, on May 13, 2020, the trial court issued a decision and entry denying Jones' motion to vacate or set aside judgment and denying as moot his motion for summary judgment or, alternatively, requesting an oral hearing. The trial court construed Jones' motion as a post-sentence motion to withdraw a guilty plea under Crim.R. 32.1. Finding Jones did not demonstrate he is entitled to withdraw his guilty plea, the trial court denied Jones' motion to vacate or set aside the judgment of his conviction. Jones timely appeals.

## II. Assignment of Error

{¶ 9} Jones assigns the following error for our review:

> The Franklin County Common Pleas Court erred by denying Defendant-Appellant's Motion to Vacate because the judgment was void ab initio.

## III. Analysis

{¶ 10} In his sole assignment of error, Jones argues the trial court erred in denying his motion to vacate the judgment of his conviction. The trial court construed his motion as a post-sentence motion to withdraw his guilty plea, and we similarly review it as a post-sentence motion to withdraw his plea. *See, e.g., State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (noting courts have discretion to "recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged").

{¶ 11} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice. *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 11. A defendant seeking a post-sentence withdrawal of a guilty plea bears the burden of establishing the existence of a manifest injustice. *Id.*, citing *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 11. The term " '[m]anifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *Morgan* at ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 12} The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Morris* at ¶ 12, citing *Morgan* at ¶ 11. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} "It is well-established that res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal." *Morris* at ¶ 13; *State v. Taylor*, 10th Dist. No. 19AP-795, 2020-Ohio-4581, ¶ 12 ("[t]his court has consistently applied res judicata to bar a defendant from raising issues in a post-sentence Crim.R. 32.1 motion that were or could have been raised on direct appeal"), citing *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880, ¶ 14, citing *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746,

¶ 11. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment [of] conviction, or an appeal from that judgment.' " (Emphasis omitted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ **14**} As the trial court noted, the proper remedy for Jones' arguments related to deficiencies in the search warrant would have been a timely filed motion to suppress. However, though Jones did file two motions to suppress, neither of those motions addressed Jones' current legal theory of the propriety of the municipal court issuing the search warrant. Jones did not wait for a ruling on his motions to suppress and instead entered a plea of guilty. This court has held that "[a] criminal defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in the proceedings." *State v. Fortner*, 10th Dist. No. 08AP-191, 2008-Ohio-5067, ¶ 8 (noting that by pleading guilty, a defendant waives his right to challenge any defects in an indictment); *see also State v. Sullivan*, 10th Dist. No. 12AP-526, 2013-Ohio-675, ¶ 20. Though Jones attempts to phrase his arguments related to the defects in the search warrant as creating a jurisdictional problem, we note, as the trial court did, that Jones does not challenge the subject-matter jurisdiction of the trial court to accept his guilty plea. Additionally, Jones did not timely appeal from his judgment of conviction and sentence, and this court denied his request to file a delayed appeal. The arguments Jones makes in his September 26, 2019 motion to vacate are arguments Jones could have made in a direct appeal or by a prior motion. Consequently, res judicata operates to bar Jones from making these arguments in a post-sentence motion to withdraw his plea. *Morris* at ¶ 13. Thus, because res judicata bars Jones' motion, the trial court did not err in denying Jones' motion. *Id.* Accordingly, we overrule Jones' sole assignment of error.

## IV.  Disposition

{¶ 15}   Based on the foregoing reasons, the trial court did not err in denying Jones' motion to vacate or set aside the judgment of his conviction.  Having overruled Jones' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____