[Cite as *State v. Sweeney*, 2023-Ohio-3854.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                    :            No. 22AP-719
                                                                           (C.P.C. No. 21CR-3234)
v.                                                             :
                                                                          (REGULAR CALENDAR)
Jared Sweeney,                                       :

        Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on October 24, 2023

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, *Darren M. Burgess*, and *Kimberly Bond*, for appellee. **Argued:** *Kimberly Bond*.

**On brief:** *Charles A. Koenig*, for appellant. **Argued:** *Charles A. Koenig*.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Jared Sweeney, appeals from the judgment of the Franklin County Court of Common Pleas finding him to be a Tier II sex offender. For the following reasons we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This matter commenced when local law enforcement received a tip from the National Center for Missing and Exploited Children that appellant was involved in the uploading and dissemination of child pornography. The information revealed that an online file hosting service account registered to appellant contained videos of child pornography.

{¶ 3}  After an investigation, appellant was charged with two violations of R.C. 2907.322, pandering sexually oriented matter involving a minor or impaired person.  Count 1 alleges that a minor was involved in the activities and is a second-degree felony; Count 2 alleges that an impaired person was involved and is a third-degree felony.

{¶ 4}  Appellant entered a plea of guilty to Count 2 to a stipulated lesser-included charge of attempted pandering sexually oriented matter, in violation of R.C. 2923.02 as it relates to 2907.322, a felony of the fourth degree.

{¶ 5}  At the sentencing hearing, appellant argued he could not be classified as a sex offender because he was exempt from classification by R.C. 2950.01(B)(2)(a).  Appellant also asserted that because the offense he was convicted of involved consensual conduct between an impaired person and not a minor, he should not be classified as a sex offender.

{¶ 6}  The trial court found that appellant was a Tier II sex offender, and sentenced him accordingly.  Appellant now brings this appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 7}  Appellant assigns the following sole assignment of error for our review:

> The Trial Court's Finding That Appellant Was a Sex Offender Within the Meaning of Chapter 2950 of the Ohio Revised Code Was Not Supported by Sufficient Evidence and Was Against the Manifest Weight of the Evidence in Violation of Appellant's Rights Under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

## III.  STANDARD OF REVIEW

{¶ 8}  On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act ("AWA") to protect the public from sex offenders by establishing a comprehensive national system for the registration of sex offenders.  Pub.L. No. 109-248, 120 Stat. 587 (July 27, 2006).  Ohio amended its classification and registration scheme to conform to the new federal requirements through the passage of S.B. 10, which became effective on January 1, 2008.  2007 Am.Sub.S.B. No. 10.

{¶ 9}  Before the AWA was enacted, sex offender classifications under Megan's Law were reviewed by an appellate court using a civil manifest weight of the evidence standard. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202; *see also State v. Johnson*, 8th Dist. No. 108898, 2020-Ohio-3186.  The AWA replaced the prior remedial scheme with a now

punitive scheme, but the Supreme Court of Ohio clarified that "neither the constitution nor statutes nor rules of procedure treat civil cases differently from criminal cases with regard to appellate review on the issues of sufficiency and manifest weight." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. Therefore, "the criminal sufficiency of the evidence standard applies when a defendant challenges the State's evidence in support of his sex offender classification." *State v. Shockey*, 9th Dist. No. 29170, 2019-Ohio-2417, ¶ 15.

**{¶ 10}** The concepts of sufficiency of the evidence and manifest weight of the evidence are distinct. " 'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while 'manifest weight' contests the believability of the evidence presented" and raises a factual issue. *State v. Shannon*, 11th Dist. No. 2017-L-092, 2019-Ohio-421, ¶ 72, quoting *State v. Schlee*, 11th Dist. No. 93-L-082 (Dec. 23, 1994).

**{¶ 11}** On review for sufficiency, a reviewing court examines the evidence at trial to determine whether the evidence, if believed, supports a conviction. *State v. Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, citing *Jenks* at paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

## IV. LEGAL ANALYSIS

**{¶ 12}** Under the AWA, sex offenders are automatically classified as Tier I, II, or III offenders upon conviction of a predicate offense. *State v. Elifritz*, 12th Dist. No. CA2016-02-002, 2016-Ohio-7193. " 'The new provisions leave little, if any, discretion to the trial court in classifying an offender,' and instead the law 'requires the trial court to classify an offender based solely on his or her conviction.' " *State v. Adams*, 10th Dist. No. 09AP-141, 2010-Ohio-171, ¶ 13, quoting *State v. Omiecinski*, 8th Dist. No. 90510, 2009-Ohio-1066, ¶ 29.

**{¶ 13}** At sentencing, the trial court merely informs the sex offender which classification and duties attach to his or her conviction. R.C. 2950.03(A)(2). The classification, duty to register, and community notification requirements after a conviction

for a sexually oriented offense arise "as a matter of law, not by judicial determination." *State v. Crawford*, 10th Dist. No. 08AP-1055, 2009-Ohio-4649, ¶ 16.

{¶ 14} "Tier II sex offender" classification is mandatory under R.C. 2950.01(F)(1)(a) for those convicted of an attempted violation of R.C. 2907.322. *State v. Eal*, 10th Dist. No. 11AP-460, 2012-Ohio-1373, ¶ 109. Requiring a conviction under R.C. 2907.322 to serve as the predicate to be classified as a Tier II sex offender "is no different than a mandatory prison sentence, mandatory fine, or any other mandatory punishment that the General Assembly deems necessary." *State v. Ritchey*, 3d Dist. No. 1-15-20, 2016-Ohio-2878, ¶ 28.

{¶ 15} However, R.C. 2950.01(B)(2)(a) provides that a person convicted of a sexually oriented offense is not a sex offender "if the offense involves consensual sexual conduct or consensual sexual contact" and other age and relationship criteria are met. Appellant offers an unsupported argument that the possession of pornographic images qualifies as consensual conduct, and that there is a presumption the exception applies unless the state proves otherwise. We disagree.

{¶ 16} Neither sexual conduct nor sexual contact appears in this case. R.C. 2907.01 provides the following definitions:

> (A) "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
>
> (B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

{¶ 17} Appellant possessed pornographic images of others and there is no evidence that he ever engaged in any physical contact with a victim. Because there was no conduct or contact as contemplated by the statute, appellant's attempt to use R.C. 2950.01(B)(2) as a shield fails.

{¶ 18} Appellant pled guilty to a sex offense but intended to address classification at sentencing. Appellant argues the trial court is required to conduct a hearing and make

findings that an offense is a sexually oriented offense, and that the offender is a sex offender before being classified as a Tier II sex offender.

{¶ 19} That is simply incorrect. Adult offenders are subject to offense specific, automatic sexual offender classification. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. Sexual offender classification hearings are no longer necessary under the AWA because of the automatic classification. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 20. Appellant's guilty plea makes him a sex offender. R.C. 2950.01(B)(1).

{¶ 20} Appellant argues that because he pled to an attempted offense in Count 2 which does not involve minors, he should not be classified as a sex offender. Further, he complains that plaintiff-appellee, State of Ohio, "continually conflated pandering sexually-oriented materials involving an impaired person with pandering sexually-oriented materials involving a minor." (Emphasis sic.) (Appellant's Reply Brief at 5.) If the victims are minors or impaired persons and the violation involves one of the prohibited activities listed in R.C. 2907.322(A), the person is "guilty of pandering sexually oriented matter involving a minor or impaired person," and is a sex offender. R.C. 2907.322(C).

{¶ 21} Because there is no distinction in the level of offenses in R.C. 2907.322, "any violation requires a Tier II classification." *State v. Stutz*, 2d Dist. No. 29521, 2023-Ohio-1082, ¶ 34. Appellant offers nothing to support his contention that pandering sexually oriented matter involving an impaired person is not a sexually oriented offense.

{¶ 22} Appellant asserts in his assignment of error that the trial court's finding that he was a sex offender was not supported by the evidence and was against the manifest weight of the evidence in violation of his constitutional rights.

{¶ 23} "A guilty plea is an admission that the defendant committed the crime charged against him." *State v. Fortner*, 10th Dist. No. 08AP-191, 2008-Ohio-5067, ¶ 7. The guilty plea serves as a conviction and provides necessary proof of the elements of the crime and relieves the trial court of the obligation to determine if the plea is supported by a factual basis. *Id. See also State v. Davis*, 5th Dist. No. 22CA0067, 2023-Ohio-2703, ¶ 20 (a guilty plea serves as a conviction and does not require findings of fact or verdict to support it).

{¶ 24} A guilty plea by a defendant represented by counsel waives all non-jurisdictional defects in the proceedings, including the "right to challenge sufficiency or manifest weight of the evidence." *State v. Jamison*, 2d Dist. No. 21165, 2006-Ohio-4933,

¶ 38. Because there was no evidence for the trial court to consider, appellant's "guilty plea obviated the requirement of evidentiary support for the trial court's finding of guilt." *Davis* at ¶ 20.

{¶ 25} A guilty plea must be made knowingly, voluntarily, and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509. The trial court engaged in a Crim.R. 11(C) colloquy with appellant to ensure the plea was properly accepted. Appellant was informed that he would be classified as a Tier II sex offender and indicated he was pleading guilty freely and voluntarily. Appellant makes no arguments regarding the trial court's jurisdiction in this matter.

{¶ 26} "[T]he court need not take testimony upon a plea of guilty or no contest." Crim.R. 11(C)(4). The guilty plea relieves "the State of its burden of proving his guilt beyond reasonable doubt." *State v. Williams*, 2d Dist. No. 26635, 2016-Ohio-5655, ¶ 24. We find appellant has waived his right to challenge the sufficiency or weight of the evidence by pleading guilty to a sex offense. "[A] conviction resulting from a guilty plea is not subject to a sufficiency of the evidence review, because the conviction depends upon the plea of guilty and not upon any evidence submitted to, or before, the trial court." *State v. Fuller*, 12th Dist. No. CA2008-09-240, 2009-Ohio-5068, ¶ 113.

## V. CONCLUSION

{¶ 27} Appellant was convicted of a violation of R.C. 2907.322 and is a Tier II sex offender. The limited record below does not support the application of the R.C. 2950.01(B)(2) exemption, and therefore, it does not operate to exclude appellant from the definition of sex offender.

{¶ 28} For the reasons above, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and LELAND, J., concur.

_____